IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALI ALEXANDER a/k/a Ali Akbar;
CHRISTINE TORRE; and JOHN DOE
    *Plaintiffs*,

v.

NANCY PELOSI; BENNIE G. THOMPSON;
ELIZABETH L. CHENEY; ADAM B.
SCHIFF, JAMIE B. RASKIN; SUSAN E.
LOEFGREN; ELAINE G. LURIA; PETER R.
AGULIAR; STEPHANIE MURPHY;
SELECT COMMITTEE TO INVESTIGATE
THE JANUARY 6TH ATTACK ON THE
UNITED STATES CAPITOL; VERIZON
COMMUNICATIONS, INC.; and CELLCO
PARTNERSHIP d/b/a/ VERIZON
WIRELESS

    *Defendants.*

Case No. 1:22-cv-00017

## ANSWER OF VERIZON COMMUNICATIONS INC AND
## CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

Defendants Verizon Communications Inc. and Cellco Partnership ("Verizon"), by and through its undersigned counsel, hereby answers the Amended Complaint of Ali Alexander, Christine Torre, and John Doe, and reserves its rights to request dismissal of the Amended Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Amended Complaint are denied.

### PRELIMINARY STATEMENT

1. Verizon received, as relevant here, a subpoena dated November 24, 2021, from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records

for the phone number associated with Plaintiff Ali Alexander's account with Verizon (the "Alexander Subpoena"). *See* Compl. Ex. A at 2-7.[1] Verizon received an identical subpoena dated February 1, 2022 demanding the production of telephone records for the phone number associated with Plaintiff Christine Torre's account with Verizon (the "Torre Subpoena").[2] Both the Alexander and Torre Subpoenas (the "Subpoenas") demanded production of only Subscriber Information,[3] Connection Records, and Records of Session Times and Durations.[4] The Subpoenas demanded production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021. The Subpoenas did not compel the production of any call or text message content, or location information.

2. Upon receiving the Subpoenas, Verizon notified Plaintiffs of Verizon's receipt of the Subpoenas from the Select Committee. *E.g.*, Compl. Ex. B. Mr. Alexander's notice informed him that unless Verizon received "a court document challenging the [S]ubpoena by December 15, 2021, Verizon is compelled to comply with the [S]ubpoena." Compl. Ex. A at 1.

---

[1] Plaintiffs amended their complaint on March 7, 2022, *see* ECF No. 8, referencing exhibits, *see, e.g.*, Am. Compl. ¶ 10, but did not re-file those exhibits. Citations to Plaintiffs' exhibits therefore refer to the exhibits attached to Plaintiffs' original complaint.

[2] Verizon presumes it also received an identical subpoena for John Doe's documents. Because Verizon is unaware of John Doe's identity, however, it lacks sufficient information to address any allegations involving John Doe.

[3] The Subpoenas defined "Subscriber Information" as: name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses). Compl. Ex. A at 4.

[4] Per the Subpoenas, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections. Compl. Ex. A at 4-5.

Ms. Torre's notice informed her that unless Verizon received "a court document challenging the [S]ubpoena by February 28, 2022, Verizon is compelled to comply with the [S]ubpoena."

       3.       Verizon also provided Plaintiffs with a copy of the Subpoenas issued by the Select Committee, *see, e.g.*, Compl. Ex. A, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

       4.       Mr. Alexander filed this Complaint on December 17, 2021, and amended the Complaint on March 7, 2022, adding, among other things, Ms. Torre and John Doe as plaintiffs.

       5.       Thus, consistent with the notice that Verizon provided Plaintiffs, Verizon has not produced any of Plaintiffs' records in response to the Select Committee's Subpoenas.

       6.       In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers. Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiffs.

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

       1.       Verizon lacks sufficient information to admit or deny the allegations in paragraph 1.

       2.       Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

       3.       Verizon lacks sufficient information to admit or deny the allegations in paragraph 3.

       4.       Verizon lacks sufficient information to admit or deny the allegations in paragraph 4.

       5.       Verizon lacks sufficient information to admit or deny the allegations in paragraph

5.

      6.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 6.

      7.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 7.

      8.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 8.

      9.      Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 9.  Verizon admits that an article from Reuters exists at the URL cited in the footnote of paragraph 9 of the Amended Complaint, but refers the Court to the full text of that document for a complete record of its contents.

      10.      Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that it sent Mr. Alexander notice of the Alexander Subpoena.  Verizon refers the Court to the Alexander Subpoena, *see* Compl. Ex. A, for a full record of its contents.  The remaining allegations in paragraph 10 are legal arguments to which no response is required.

      11.      Admitted.  Verizon further refers the Court to the Alexander Subpoena, *see* Compl. Ex. A, for a full record of its contents.

      12.      Admitted.  Verizon further refers the Court to the notice, *see* Compl. Ex. B, for a full record of its contents.

      13.      Verizon admits that representatives informed Mr. Alexander's counsel that it would suspend production of Mr. Alexander's documents only if he challenged the Alexander Subpoena in court, not if another subscriber challenged their subpoena in court.  Verizon admits the time by which Mr. Alexander needed to file any such complaint was extended to December

17, 2021. Verizon denies the remaining allegations in paragraph 13.

14. Verizon lacks sufficient information to admit or deny the allegations in paragraph 14.

15. Verizon admits that on or about December 15, 2021, Verizon informed counsel for Mr. Alexander that it would suspend production of documents responsive to the Select Committee's Subpoenas only in response to individual challenges to an individual's subpoena.

16. The allegations in paragraph 16 are legal arguments and legal conclusions to which no response is required.

17. Verizon lacks sufficient information to admit or deny the allegations in paragraph 17.

18. Verizon lacks sufficient information to admit or deny the allegations in paragraph 18.

19. Verizon lacks sufficient information to admit or deny the allegations in paragraph 19.

20. Verizon lacks sufficient information to admit or deny the allegations in paragraph 20.

21. Verizon lacks sufficient information to admit or deny the allegations in paragraph 21.

22. Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23. Verizon lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Verizon lacks sufficient information to admit or deny the allegations in paragraph

24.

25.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 25.

26.     Verizon incorporates by reference paragraph 2 of its Preliminary Statement. Verizon admits that it sent Ms. Torre a notice on February 11, 2022 alerting her that unless Verizon received "a court document challenging the [S]ubpoena by February 28, 2022, Verizon is compelled to comply with the [S]ubpoena."

27.     The allegations in paragraph 27 purport to summarize the Torre Subpoena. Verizon refers the Court to Exhibit A, a document that is virtually identical to the Torre Subpoena, for a full record of its contents.

28.     Verizon admits that the February 28, 2022 deadline for Ms. Torre to object to the Torre Subpoena was extended to March 7, 2022.

29.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 29.

30.     Based on publicly available information, Verizon admits the allegations in paragraph 30.

31.     Based on publicly available information, Verizon admits the allegations in paragraph 31.

32.     Based on publicly available information, Verizon admits the allegations in paragraph 32.

33.     Based on publicly available information, Verizon admits the allegations in paragraph 33.

34.     Based on publicly available information, Verizon admits the allegations in

Case 1:21-cv-03308-CJN   Document 19   Filed 04/07/22   Page 7 of 16

paragraph 34.

35.     Based on publicly available information, Verizon admits the allegations in paragraph 35.

36.     Based on publicly available information, Verizon admits the allegations in paragraph 36.

37.     Based on publicly available information, Verizon admits the allegations in paragraph 37.

38.     Based on publicly available information, Verizon admits the allegations in paragraph 38.

39.     Based on publicly available information, Verizon admits the allegations in paragraph 39.

40.     The allegations in paragraph 40 quote from the publicly available document, House Resolution 503 ("H.R. Res. 503") from the 117th Congress.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

41.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoenas from the Select Committee.  The remaining allegations in paragraph 41 purport to summarize Exhibit A to Plaintiff's Complaint.  Verizon refers the Court to that exhibit for a complete record of its contents.

42.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoenas from the Select Committee.  The remaining allegations in paragraph 42 purport to summarize Exhibit A to Plaintiff's Complaint.  Verizon refers the Court to that exhibit for a complete record of its contents.

43.     Verizon admits that this Court has subject matter jurisdiction over this action.

paragraph 34.

35.     Based on publicly available information, Verizon admits the allegations in paragraph 35.

36.     Based on publicly available information, Verizon admits the allegations in paragraph 36.

37.     Based on publicly available information, Verizon admits the allegations in paragraph 37.

38.     Based on publicly available information, Verizon admits the allegations in paragraph 38.

39.     Based on publicly available information, Verizon admits the allegations in paragraph 39.

40.     The allegations in paragraph 40 quote from the publicly available document, House Resolution 503 ("H.R. Res. 503") from the 117th Congress.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

41.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoenas from the Select Committee.  The remaining allegations in paragraph 41 purport to summarize Exhibit A to Plaintiff's Complaint.  Verizon refers the Court to that exhibit for a complete record of its contents.

42.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoenas from the Select Committee.  The remaining allegations in paragraph 42 purport to summarize Exhibit A to Plaintiff's Complaint.  Verizon refers the Court to that exhibit for a complete record of its contents.

43.     Verizon admits that this Court has subject matter jurisdiction over this action.

44. Verizon lacks sufficient information to admit or deny the allegations in paragraph 44.

45. Verizon lacks sufficient information to admit or deny the allegations in paragraph 45.

46. The allegations in paragraph 46 are legal conclusions to which no response is required.

47. Verizon lacks sufficient information to admit or deny the allegations in paragraph 47.

48. Verizon admits that this Court has personal jurisdiction over Verizon.

49. Verizon admits that venue is proper in the District of Columbia.

50. With respect to paragraph 50, Verizon incorporates by reference its responses to paragraphs 1 through 49.

51. The allegations in paragraph 51 quote from the publicly available document H.R. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

52. Verizon lacks sufficient information to admit or deny the allegations in paragraph 52.

53. The allegations in paragraph 53 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case and H.R. Res. 503 cited in paragraph 53 for a complete record of their contents.

54. The allegations in paragraph 54 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court

to the full text of the case cited in paragraph 54 for a complete record of its contents.

55. The allegations in paragraph 55 are legal arguments and legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text H.R. Res. 503 for a complete record of its contents.

56. The allegations in paragraph 56 are legal arguments and legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text H.R. Res. 503 for a complete record of its contents.

57. The allegations in paragraph 57 are legal arguments and legal conclusions to which no response is required.

58. With respect to paragraph 58, Verizon incorporates by reference its responses to paragraphs 1 through 57.

59. The allegations in paragraph 59 are legal arguments and legal conclusions to which no response is required.

60. The allegations in paragraph 60 quote from the publicly available document H.R. Res. 503. Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

61. The allegations in paragraph 61 quote from the publicly available document H.R. Res. 503. Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

62. Verizon lacks sufficient information to admit or deny the allegations in paragraph 62.

63. Verizon lacks sufficient information to admit or deny the allegations in paragraph 63.

64. Verizon incorporates by reference its Preliminary Statement. The allegations in paragraph 64 purport to summarize material in two exhibits appended to Plaintiffs' Complaint. Verizon respectfully refers the Court to the full text of those documents for a complete record of their contents. Verizon denies that the Subpoenas compel the production of any call or text message content.

65. Verizon lacks sufficient information to admit or deny the allegations in paragraph 65.

66. Verizon lacks sufficient information to admit or deny the allegations in paragraph 66.

67. Verizon lacks sufficient information to admit or deny the allegations in paragraph 67.

68. Verizon lacks sufficient information to admit or deny the allegations in paragraph 68.

69. The allegations in paragraph 69 are legal arguments and legal conclusions to which no response is required.

70. With respect to paragraph 70, Verizon incorporates by reference its responses to paragraphs 1 through 69.

71. Verizon incorporates by reference paragraph 1 of its Preliminary Statement. The allegations in paragraph 71 purport to summarize Exhibit A to the Complaint. Verizon refers the Court to that exhibit for a complete record of its contents.

72. Verizon incorporates by reference paragraph 1 of its Preliminary Statement. The allegations in paragraph 72 purport to summarize Exhibit A to the Complaint. Verizon refers the Court to that exhibit for a complete record of its contents.

73. Verizon denies that the Subpoenas compel the production of any call or text message content. Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Further, the allegations in paragraph 73 purport to summarize Exhibit A to the Complaint. Verizon refers the Court to that exhibit for a complete record of its contents.

74. Verizon lacks sufficient information to admit or deny the allegations in paragraph 74.

75. Verizon admits that the Subpoenas compel the production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021.

76. Verizon lacks sufficient information to admit or deny the allegations in paragraph 76.

77. The allegations in the first and last sentences of paragraph 77 are legal arguments and legal conclusions to which no response is required. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 77.

78. The allegations in paragraph 78 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case and the Amendment cited in paragraph 78 for a complete record of their contents.

79. The allegations in paragraph 79 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 79 for a complete record of its contents.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 80 for a complete record of its contents.

81. The allegations in paragraph 81 are legal arguments and legal conclusions to

which no response is required.

82. The allegations in paragraph 82 are legal arguments and legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 82 for a complete record of its contents.

83. The allegations in paragraph 83 are legal arguments and legal conclusions to which no response is required. The allegations also purport to describe documents attached to the Complaint. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 83 and Exhibit A for a complete record of their contents.

84. The allegations in paragraph 84 are legal arguments and legal conclusions to which no response is required.

85. The allegations in paragraph 85 are legal arguments and legal conclusions to which no response is required.

86. The allegations in paragraph 86 are legal arguments and legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the statutes cited in paragraph 86 for a complete record of their contents.

87. With respect to paragraph 87, Verizon incorporates by reference its responses to paragraphs 1 through 86.

88. Verizon lacks sufficient information to admit or deny the allegations in paragraph 88.

89. The allegations in paragraph 89 are legal arguments and legal conclusions to which no response is required.

90. The allegations in paragraph 90 are legal arguments and legal conclusions to which no response is required.

91. The allegations in paragraph 91 are legal arguments and legal conclusions to which no response is required.

92. The allegations in paragraph 92 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 92 for a complete record of their contents.

93. The allegations in paragraph 93 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 93 for a complete record of its contents.

94. The allegations in paragraph 94 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 94 for a complete record of its contents.

95. Verizon lacks sufficient information to admit or deny the allegations in paragraph 95.

96. Verizon lacks sufficient information to admit or deny the allegations in paragraph 96.

97. The allegations in paragraph 97 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 97 for a complete record of their contents.

98. The allegations in paragraph 98 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 98 for a complete record of its contents.

99. The allegations in paragraph 99 are legal arguments and legal conclusions to which no response is required.

100. Verizon lacks sufficient information to admit or deny the allegations in paragraph 100.

101. Verizon lacks sufficient information to admit or deny the allegations in paragraph 101.

102. Verizon lacks sufficient information to admit or deny the allegations in paragraph 102.

103. The allegations in paragraph 103 are legal arguments and legal conclusions to which no response is required.

104. The allegations in paragraph 104 are legal arguments and legal conclusions to which no response is required.

105. Verizon lacks sufficient information to admit or deny the allegations in paragraph 105.

106. The allegations in paragraph 106 are legal arguments and legal conclusions to which no response is required.

107. Verizon lacks sufficient information to admit or deny the allegations in paragraph 107.

108. Verizon lacks sufficient information to admit or deny the allegations in paragraph 108.

109. The allegations in paragraph 109 are legal arguments and legal conclusions to which no response is required.

110. Verizon lacks sufficient information to admit or deny the allegations in paragraph 110.

111. Verizon lacks sufficient information to admit or deny the allegations in paragraph

111.

112. Verizon lacks sufficient information to admit or deny the allegations in paragraph 112.

113. The allegations in paragraph 113 are legal arguments and legal conclusions to which no response is required.

114. Verizon lacks sufficient information to admit or deny the allegations in paragraph 114.

115. Verizon lacks sufficient information to admit or deny the allegations in paragraph 115.

116. Verizon lacks sufficient information to admit or deny the allegations in paragraph 116.

117. Verizon lacks sufficient information to admit or deny the allegations in paragraph 117.

118. The allegations in paragraph 118 are legal arguments to which no response is required.

119. Verizon lacks sufficient information to admit or deny the allegations in paragraph 119.

120. The allegations in paragraph 120 are legal arguments to which no respect is required.

121. Verizon lacks sufficient information to admit or deny the allegations in paragraph 121.

122. The allegations in paragraph 122 are legal arguments to which no response is required.

**PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiffs is entitled to the requested relief and judgment in subpart a, b, d through k, and m. Verizon denies that complying with the Subpoenas would violate the Stored Communications Act, as asserted by Plaintiffs in subpart c. Verizon further denies that Plaintiffs are entitled to Verizon's payment of their expenses, including attorney's fees and costs, as asserted by Plaintiffs in subpart l.

April 7, 2022                                              Respectfully submitted,


                                                           /s/ Reid M. Figel
                                                           Reid M. Figel
                                                           **KELLOGG, HANSEN, TODD,**
                                                             **FIGEL & FREDERICK, P.L.L.C.**
                                                           1615 M Street, N.W., Suite 400
                                                           Washington, D.C. 20036
                                                           Tel: (202) 326-7900
                                                           rfigel@kellogghansen.com

                                                           *Counsel for Defendants Verizon*
                                                           *Communications Inc., and Cellco Partnership*
                                                           *d/b/a Verizon Wireless*